**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| WILLIAM CARL JONES, | ) | No. CV-08-0333-PHX-GMS (MEA) |
| Petitioner, | ) | |
| | ) | **ORDER** |
| v. | ) | |
| DORA SCHRIRO, et al., | ) | |
| Respondents. | ) | |

Pending before the Court is the Amended Petition for Writ of Habeas Corpus of Petitioner William Carl Jones, filed pursuant to 28 U.S.C. § 2254. (Dkt. # 4.) On January 7, 2009, Magistrate Judge Mark E. Aspey issued a Report and Recommendation ("R&R") recommending that the Petition be denied and dismissed. (Dkt. # 23.) Petitioner filed objections to the R&R. (Dkt. # 29.) For the following reasons, the Court adopts the R&R of Magistrate Aspey and denies and dismisses the Petition.

## BACKGROUND

On December 19, 1986, Petitioner pled guilty to two counts of arson of an occupied structure (counts one and three) and one count of second degree burglary (count two) for crimes that occurred in September of 1986. On February 18, 1987, Petitioner was sentenced

to consecutive prison terms of fourteen years pursuant to count one, ten years pursuant to count two, and five years pursuant to count three. The R&R sets forth the factual and procedural background of this case, to which neither party objected. Accordingly, the Court adopts that background as an accurate recital.

In his § 2254 action, Petitioner asserts that the Arizona Department of Corrections is violating his Eighth Amendment right to be free of cruel and unusual punishment by not applying earned release credits to his time served on his burglary conviction and one of his arson convictions. (Dkt. # 4.) Magistrate Aspey recommended that the Petition be denied and dismissed with prejudice because: (1) the Petition is untimely under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d)(1); (2) Petitioner failed to exhaust his federal habeas claim and it is now procedurally defaulted; and (3) Petitioner failed to state a valid due process violation. (Dkt. # 23 at 18.)

**STANDARD OF REVIEW**

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). It is "clear that the district judge must review the magistrate judge's findings and recommendations *de novo if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc); *Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) ("Following *Reyna-Tapia*, this Court concludes that *de novo* review of factual and legal issues is required if objections are made, 'but not otherwise.'"). District courts are not required to conduct "any review at all . . . of any issue that is not the subject of objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *see also* 28 U.S.C. § 636(b)(1) ("[T]he court shall

make a de novo determination of those portions of the [R&R] to which objection is made.").

**DISCUSSION**

Petitioner filed objections to the R&R pursuant to 28 U.S.C. § 636(b)(1). (Dkt. # 18.) Petitioner argues that: (1) the AEDPA does not apply to his case because it is not retroactive, because he is not a terrorist, and because he has not been sentenced to death (Dkt. # 29 at 2-3); (2) even if the AEDPA applies, his Petition is timely because he was pursuing administrative remedies (*id.* at 3); (3) he fully exhausted his federal habeas claim (*id.* at 2); and (4) Magistrate Aspey failed to consider whether the Ex Post Facto and Double Jeopardy Clauses were violated when Petitioner was denied earned release credits for his time served (*id.* at 1-3). Having conducted a *de novo* review of the record on all relevant matters, the Court will address Petitioner's objections.

**I.    Objections 1 and 2 – Operation of the AEDPA**

Petitioner first asserts that the AEDPA, 28 U.S.C. § 2244 *et seq.*, does not apply to his Petition because he was convicted well before its effective date and because "[i]t is not retroactive." (Dkt. # 29 at 2.) Petitioner's contention, however, has no merit. The AEDPA applies to this case because Petitioner's federal Petition was *filed* after the AEDPA's effective date. *See Jenkins v. Johnson*, 330 F.3d 1146, 1149 (9th Cir. 2003) (citing *Lopez v. Thompson*, 202 F.3d 1110, 1116 n.5 (9th Cir. 200) (holding that the AEDPA does not apply to habeas petitions filed prior to the AEDPA's April 24, 1996 effective date)); *Brown v. Roe*, 279 F.3d 742, 743 (9th Cir. 2002) ("Although [a petitioner's] conviction became final prior to the passage of the AEDPA, the statute's time limits apply because [the petitioner] filed his petition after the AEDPA's effective date."); *Patterson v. Stewart*, 251 F.3d 1243, 1245 (9th

Cir. 2001) ("Because [the] Petition was filed after the AEDPA's effective date . . . the provisions of that Act apply to this case.").

Petitioner also contends that the AEDPA does not apply to his Petition because: (1) "[he] is not a TERRORIST[, has] never been suspected of terrorism[, nor] charged with any terroristic crimes[,] nor convicted of terrorism;" and (2) "[he has] not been, nor ever [has] been sentenced to DEATH for ANY crime!" (Dkt. # 29 at 2.) In 1996, Congress introduced and passed the AEDPA which was described by Congress as "[an] Act to deter terrorism, provide justice for victims, provide for an effective death penalty, *and for other purposes*." Pub. L. No. 104-132, 110 Stat. 1214, 1214 (1996) (emphasis added). The AEDPA consisted of nine titles addressing various areas of law, including, but not limited to, international terrorism deterrence, habeas corpus reform, and victim restitution. Specifically, Title I of the AEDPA consisted of eight sections devoted to federal habeas corpus reform. *Id.* §§ 101-108, 110 Stat. at 1217-26. Therefore, despite the somewhat misleading title of the AEDPA, many of its provisions apply to persons who are neither terrorists nor have been sentenced to death. Indeed, 28 U.S.C. § 2244(d)(1), the relevant section which contains the one-year limitations period discussed by Magistrate Aspey (*see* Dkt. # 23 at 6-7), applies to all habeas corpus applicants who are "in custody pursuant to the judgment of a State court." Because Petitioner is a person "in custody pursuant to the judgment of a State court," the AEDPA limitations analysis is applicable to his Petition.

Petitioner additionally argues that, even under the AEDPA, "Petitioner filed his Writ well within established time frames." (Dkt. # 29 at 3.) Petitioner appears to argue that his Petition is timely because it was filed within one year of his last attempt to resolve the claim

- 4 -

through administrative channels at the Department of Corrections.  (*See id.*)

Section 2244(d)(1)(D) provides that the limitations period commences on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."  Here, Petitioner filed a state action seeking a writ of habeas corpus in July of 2002, alleging that the Arizona Department of Corrections was not extending him earned release credit – the same factual predicate of his federal habeas claim. Therefore, the Court agrees with Magistrate Aspey's conclusion that the one-year limitations period began running no later than July of 2002.  As Petitioner was arguably entitled to statutory tolling, pursuant to § 2244(d)(2), until September 30, 2002 – the date on which time expired for him to seek review of the superior court's ruling on his writ of habeas corpus – Magistrate Aspey concludes that the one-year limitations period actually started running on September 30, 2002.  As Petitioner is not entitled to any additional statutory or equitable tolling, the limitations period expired one year later – over four years prior to the date on which this habeas action was filed.  Petitioner is not entitled to additional tolling during the time in which he was pursuing administrative remedies, nor is he entitled to reinitiate the limitations period based on an attempt in 2007 to resolve the issue with Department of Correction's personnel.  *See* 28 U.S.C. § 2244(d)(2) (providing statutory tolling only during the time period in which a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending . . . ."); *cf. Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed."); *Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001) (holding that where a petitioner

filed his state post-conviction relief proceeding "after the AEDPA statute of limitations ended . . . . [t]hat delay resulted in an absolute bar"); *Rashid v. Khulmann*, 991 F. Supp. 254, 259 (S.D.N.Y. 1998) ("Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations.").

Petitioner has otherwise not objected to the limitations period analysis in the R&R. Consequently, the Court adopts the analysis and concludes that the Petition is untimely.

## II.   Objection 3 – Exhaustion and Procedural Default

Petitioner objects to Magistrate Aspey's conclusion that he failed to exhaust his federal habeas claim in the state courts. (Dkt. # 29 at 2.) Magistrate Aspey found that "because Petitioner failed to appeal the state trial court's decision regarding [his federal habeas claim] to the Arizona Court of Appeals," Petitioner's claim is "not fully exhaust[ed]." (Dkt. # 23 at 12.) Petitioner, however, contends that he was barred from filing an appeal due to his plea agreement, and that he instead filed a "Petition for Review" with the court of appeals on August 19, 2002. (Dkt. # 29 at 2.)

Before seeking a federal writ of habeas corpus, a state prisoner must give the state the opportunity to pass upon and correct alleged violations of the prisoner's federal rights. *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (citing *Picard v. Connor*, 404 U.S. 270, 275 (1971)); *see Coleman v. Thompson*, 501 U.S. 722, 731 (1991) (holding that "a state prisoner's federal habeas petition should be dismissed if the prisoner has not exhausted available state remedies as to any of his federal claims") (citations omitted); *Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999) ("A habeas petitioner must give the state courts the first opportunity to review any claim of federal constitutional error before seeking federal habeas

review of that claim.") (citing *Rose v. Lundy*, 455 U.S. 509, 518-19 (1982)). To provide the state with the necessary "opportunity," the prisoner "must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citing *Duncan*, 513 U.S. at 365; *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)).

In sum, "a petitioner fairly and fully presents a claim to the state court for purposes of satisfying the exhaustion requirement if he presents the claim: (1) to the proper forum, (2) through the proper vehicle, and (3) by providing the proper factual and legal basis for the claim." *Insyxiengmay v. Morgan*, 403 F.3d 657, 668 (9th Cir. 2005) (citations omitted).

On July 30, 2002, the superior court denied Petitioner's state writ of habeas corpus. (Dkt. # 19 Ex. O.) Apparently, in August of 2002, Petitioner then filed what he refers to as a valid "Petition for Review" with the Arizona Court of Appeals. Regardless of whether Petitioner did in fact file a "Petition for Review" or merely sent a letter to the court of appeals (as characterized by Respondents), the court acknowledged its receipt by letter dated August 29, 2002. (*Id.* Ex. P.) The court informed Petitioner that "[t]here are no provisions for filing of a petition for review to this court from the trial court's final order in a habeas corpus proceeding" and instructed Petitioner that he could "consider filing a notice of appeal." (*Id.*) Despite this instruction, Petitioner did not file a notice of appeal.

Petitioner appears to believe that he could not file an appeal from the superior court's denial of his writ of habeas corpus because he entered into a plea agreement and "A.R.S. § 13-4033 B specifically bars appeals on plea agreements." (Dkt. # 29 at 2.)That section,

however, only prevented Petitioner from appealing the judgment or sentence entered pursuant to his plea agreement, *see* Ariz. Rev. Stat. § 13-4033(B), and extended no further. Indeed, Arizona Revised Statutes section 12-2101(L) specifically permits an appeal "from an order or judgment made and entered on habeas corpus proceedings." Regardless of Petitioner's misunderstanding on the matter, because Petitioner did not file an appeal, he did not "fairly present his claim in each appropriate state court . . . thereby alerting that court to the federal nature of [his] claim." *Baldwin*, 541 U.S. at 29; *see also Insyxiengmay*, 403 F.3d at 668 (holding that full and fair presentation of a claim require that it be presented "through the proper vehicle"). Consequently, the Court agrees with Magistrate Aspey's conclusion that Petitioner's federal habeas claim was not exhausted.

**III.   Objection 4 – Ex Post Facto/Double Jeopardy Violations**

Last, Petitioner argues that Magistrate Aspey failed to consider whether the Ex Post Facto and Double Jeopardy Clauses were violated when Petitioner was denied earned release credits for his time served. (Dkt. # 29 at 1-3.) The Court declines to reach the merits of Petitioner's objection. Even assuming that Petitioner has stated a valid constitutional claim, the Court need not reach its merits because Petitioner's Writ of Habeas Corpus was untimely under the AEDPA and because Petitioner did not exhaust the claim with the state courts.

**IT IS HEREBY ORDERED** that the Report and Recommendation (Dkt. # 23) is **ADOPTED**.

/ / /

/ / /

/ / /

- 8 -

1 **IT IS FURTHER ORDERED** that Petitioner's Amended Writ of Habeas Corpus (Dkt. # 4) is **DENIED** and **DISMISSED WITH PREJUDICE**.

DATED this 20th day of March, 2009.

*H. Murray Snow*
G. Murray Snow
United States District Judge

- 9 -